UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Magistrate Case No. '08 MJ0139 |
| Plaintiff, | |
| | COMPLAINT FOR VIOLATION OF |
| v. | |
| **Efrain LOPEZ- Gallegos** | Title 8, U.S.C., Section 1324(a)(2)(B)(iii)- Bringing in Illegal Aliens Without Presentation |
| Defendant, | |

The undersigned complainant being duly sworn states:

On or about **January 15, 2008**, within the Southern District of California, defendant **Efrain LOPEZ- Gallegos**, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that aliens, namely, **Sandra GARCIA-Sifuentes, Margarita ZARAGOZA-Alcala and Erica GARCIA-Torrecia**, had not received prior official authorization to come to, enter and reside in the United States, did bring to the United States said aliens, and upon arrival did not bring and present said aliens immediately to an appropriate immigration officer at a designated port of entry; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(iii).

And the complainant states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT
Sara Esparagoza
United States Customs & Border
Protection Enforcement Officer

Sworn to before me and subscribed in my presence, this **17th** day of **January, 2008**.

UNITED STATES MAGISTRATE JUDGE

## PROBABLE CAUSE STATEMENT

The complainant states that **Sandra GARCIA-Sifuentes, Margarita ZARAGOZA-Alcala** and **Erica GARCIA-Torrecia** are citizens of a country other than the United States; that said aliens have admitted they are deportable; that their testimony is material; that it is impracticable to secure their attendance at trial by subpoena; and that they are material witnesses in relation to this criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144.

On January 15, 2008, at about 6:50 p.m., **Efrain LOPEZ- Gallegos (Defendant)** made application for admission into the United States at the San Ysidro, California Port of Entry as the driver and sole visible occupant of a Nissan Altima. Upon inspection before a United States Customs and Border Protection (CBP) Officer, Defendant presented as his own a United States Passport bearing the name of Michael Casillas and gave two negative customs declaration. During the course of the examination, the CBP Officer suspected Defendant was an imposter to the United States Passport presented. The CBP Officer proceeded to conduct a vehicle inspection. Defendant provided a key to the trunk; however, the CBP Officer was unable to disengage the lid of the trunk with the key and requested for assistance. The second CBP Officer was able to gain access to the trunk of the vehicle from inside and discovered what appeared to be human beings concealed inside the trunk. As a result, Defendant was taken into custody and escorted to the security office. The vehicle and all occupants were escorted to secondary inspection.

In secondary, Defendant was confirmed to be an impostor to the document presented and determined to be an undocumented alien, citizen of Mexico. There were a total of four (4) individuals found concealed inside the trunk, three of which were retained as material witnesses and are now identified as **Sandra GARCIA-Sifuentes, Margarita ZARAGOZA-Alcala** and **Erica GARCIA-Torrecia.** All material witnesses were determined to be undocumented aliens and citizens of Mexico.

During a videotaped proceeding, Defendant was advised of his Miranda rights and elected to submit to questioning without benefit to counsel. Defendant admitted he is not the rightful holder of the United States Passport he presented as his own. Defendant admitted he was wearing green contact lenses to resemble the picture on the passport. Defendant admitted not possessing the required documents that would permit his legal entry into the United States. Defendant denied having prior knowledge of transporting undocumented aliens found concealed inside the trunk of the vehicle he operated. Defendant stated, however, that he thought there were people in the trunk because the rear of the vehicle felt heavy after going over a speed bump. Defendant admitted the vehicle did not belong to him. Defendant admitted to formulating arrangements to drive and deliver the vehicle to an unspecified location, in California; in return, he would be excluded from having to pay a smuggling fee of $3,000.00 USD. Defendant admitted the United States passport and the vehicle were both provided to him.

On separate videotaped interviews, the material witnesses declared they are citizens of Mexico without legal rights to enter the United States. Material witnesses stated they were to pay fees ranging from $3,500.00 to $4,000.00 to be smuggled in the United States. All material witnesses stated they intended to travel to various locations within the United States.